```
                   IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF GEORGIA
                           COLUMBUS DIVISION

BRUCE D. MAY,                      *

      Plaintiff,                   *

vs.                                *        CASE NO. 4:21-CV-93 (CDL)

OLD REPUBLIC NATIONAL TITLE        *
INSURANCE COMPANY,
                                   *
      Defendant.                   *
_____       *
```

## O R D E R

Defendant Old Republic National Title Insurance Company issued a title insurance policy to Plaintiff Bruce May. When May discovered a tax lien on the covered property, he submitted a claim to Old Republic to clear the lien. Old Republic initially refused to clear the lien but finally relented after receiving a formal demand pursuant to Georgia's bad faith insurance statute, O.C.G.A. § 33-4-6. Even then, it did not clear the lien until after the statutory sixty-day grace period had passed. May filed this lawsuit seeking damages, bad faith penalties, and attorney's fees arising from Old Republic's untimely handling of May's claim. Old Republic has moved to dismiss May's complaint, arguing that May did not suffer a covered loss under the insurance policy and that Old Republic did not act in bad faith. Because May has alleged sufficient facts in his complaint to establish the essential

elements of a plausible bad faith claim, Old Republic's motion to dismiss (ECF No. 11) is denied.

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In other words, the factual allegations must "raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claims. *Id.* at 556. But "Rule 12(b)(6) does not permit dismissal of a well-pleaded complaint simply because 'it strikes a savvy judge that actual proof of those facts is improbable.'" *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 556).

## FACTUAL ALLEGATIONS

May purchased property located at 18853 Georgia Highway 315, Ellerslie, Georgia, on November 9, 2018. Am. Compl. ¶ 6, ECF No. 8. The Internal Revenue Service attached and recorded a federal tax lien of $140,906.29 to the Property on November 5, 2018. *Id.* ¶ 15. May did not know about the lien when he closed on the

property, and the lien was not accounted for in May's purchase price. *Id.* ¶ 17. May purchased a title insurance policy covering the property from Defendant Old Republic with an effective policy date of November 9, 2018. *Id.* ¶ 11. The policy covered, among other items, "loss or damage, not exceeding the Amount of Insurance, sustained or incurred by the Insured by reason of . . . [a]ny defect in or lien or encumbrance on the Title." *Id.* ¶ 13.

May discovered the lien when he tried to sell the property. *Id.* ¶ 19. The planned December 2020 closing for the sale was cancelled when the lien was discovered. *Id.* May's previous attorney contacted Old Republic on December 13, 2020 to alert Old Republic to the lien, but Old Republic failed to take any action. *Id.* ¶ 20. May asserted a claim under the insurance policy on December 22, 2020, after the failed closing, asking Old Republic to pay off the lien so May could sell the house. *Id.* ¶ 21. May also individually contacted Old Republic, and Old Republic's representative noted on December 23, 2020 that he was "not sure why it's a problem, . . . since you have coverage for it." *Id.* May's attorney contacted Old Republic again on December 24, 2020 to provide Old Republic relevant documents for May's claim. *Id.* ¶ 22.

Old Republic notified May on January 5, 2021 that it refused to resolve May's claim because while the claim "appears to present a covered matter . . . you are currently not suffering a loss which

would trigger coverage." *Id.* ¶ 23.  Old Republic specifically noted that May was not suffering a loss because the IRS was not pursuing a claim against May's property. *Id.*  Old Republic again refused to cover May's claim when May's current counsel contacted it on January 12, 2021. *Id.* ¶ 26.  On January 20, 2021, May delivered a demand letter asking Old Republic to pay and cure the lien within 60 days. *Id.* ¶ 27.  After receiving this letter, Old Republic agreed to resolve the claim, but did not hire a title service professional to clear the lien until the end of the sixty-day period provided by May's letter. *Id.* ¶¶ 29-31.  Old Republic resolved the lien on April 6, 2021, over 60 days after May sent his demand letter. *Id.* ¶ 32.

DISCUSSION

May brings a claim against Old Republic for bad faith refusal to pay his insurance claim under O.C.G.A § 33-4-6.  To ultimately prevail on his claim, May must *prove*: "(1) that the claim is covered under the policy, (2) that a demand for payment was made against the insurer within 60 days prior to filing suit, and (3) that the insurer's failure to pay was motivated by bad faith." *Laws. Title Ins. Corp. v. Griffin*, 691 S.E.2d 633, 636-37 (Ga. Ct. App. 2010) (quoting *BayRock Mortg. Corp. v. Chi. Title Ins. Co.*, 648 S.E.2d 433, 435 (Ga. Ct. App. 2007)).  At this stage, however, for this action to proceed, May only needs to have *alleged* sufficient facts in his complaint supporting the plausible

4

conclusion that these three essential elements are met.  Old Republic argues that May's complaint should be dismissed because May has not sufficiently alleged that he suffered a covered loss, or in the alternative, that May has not adequately alleged that Old Republic acted in bad faith.  The Court addresses each argument in turn.

I.   **Does May allege he suffered a covered loss under the insurance policy?**

Obviously, if May has not alleged facts indicating that a loss is a covered occurrence under the Old Republic policy, his claim must fail.  *See* O.C.G.A. § 33-4-6(a) (applicable "[i]n the event of a loss which is covered by a policy of insurance.").  Old Republic points out that, under the insurance policy, if Old Republic "establishes the Title, or removes the alleged defect, lien, or encumbrances . . . in a reasonably diligent manner by any method," it "shall not be liable for any loss or damages caused to the Insured."  Full Title Policy § 9(a), ECF No. 11-3 (describing liability limitations).  Old Republic contends that it discharged the lien on May's property in a "reasonably diligent manner" and thus cannot be liable for any loss suffered by May.

Preliminarily, the Court notes that there appears to be no dispute that the IRS lien on May's property would be an encumbrance covered under May's Old Republic policy.  Thus, Old Republic had a duty to clear the lien in a reasonably diligent manner.  May

alleges in his complaint that Old Republic did not resolve the lien within the sixty-day statutory bad faith demand period and that no reasonable justification existed for its delay. Furthermore, he alleges that Old Republic did not even hire a title service professional to clear the lien until near the end of the sixty-day period. May further alleges that he began contacting Old Republic about clearing the lien as early as December 13, 2020, but that Old Republic refused to clear the lien multiple times and did not ultimately clear the lien until April 6, 2021.[1] Thus, Old Republic did not clear the lien until over 100 days after May first requested it do so. May has sufficiently alleged that Old Republic did not act in a reasonably diligent manner in clearing the lien. As to his damages, May has alleged that the existence of the lien required him to postpone his sale of the property. Although he may not have suffered a diminution in the sales price after the lien was eventually removed, May alleges that the delay caused additional damages, including extra utility and mortgage costs. May has adequately alleged a covered claim under the policy, an unreasonable failure by Old Republic to timely comply with its obligations under the policy, and damages arising from that failure.

---

[1] Although Old Republic did eventually resolve the lien, O.C.G.A. § 33-4-6(a) provides that an "action for bad faith shall not be abated by payment after the 60 day period."

**II.  Does May adequately allege that Old Republic acted in bad faith?**

Old Republic argues that, even if May suffered a covered loss, May cannot sustain a claim under O.C.G.A. § 33-4-6 because Old Republic did not act in bad faith.  Georgia law provides that "bad faith is any frivolous and unfounded refusal in law or in fact to pay according to the terms of the policy." *Amica Mut. Ins. Co. v. Sanders*, 779 S.E.2d 459, 463 (Ga. Ct. App. 2015) (internal quotation marks and alterations omitted) (quoting *King v. Atlanta Cas. Ins. Co.*, 631 S.E.2d 786, 788 (Ga. Ct. App. 2006)). Generally, "[b]ad faith is shown by evidence that under the terms of the policy upon which the demand is made and under the facts surrounding the response to that demand, the insurer had no good cause for resisting and delaying payment." *Griffin*, 691 S.E.2d at 637 (internal quotation marks and alterations omitted) (quoting *Ga. Int'l Life Ins. Co. v. Harden*, 280 S.E.2d 863, 866 (Ga. Ct. App. 1981)).

Old Republic contends that May only makes general assertions that it acted in bad faith rather than factual allegations sufficient to survive a motion to dismiss.  May, however, alleges that Old Republic repeatedly refused to resolve the lien despite agreeing that May's claim was covered.  *See* Am. Compl. ¶¶ 21, 23. May further alleges that Old Republic stated it would not resolve his lien because the IRS was not taking action on the lien despite

the insurance policy containing no such exclusion.  Accepting May's factual allegations as true and construing all reasonable inferences in his favor, the Court finds that May has adequately alleged a plausible bad faith claim against Old Republic.

CONCLUSION

For the foregoing reasons, Old Republic's motion to dismiss (ECF No. 11) is denied.[2]

IT IS SO ORDERED, this 9th day of February, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] Old Republic also argues that May's complaint should be dismissed because May cannot recover the full amount of the tax lien as damages, which is what May's complaint appears to seek.  It is premature to determine the amount of damages to which May could be entitled.  May alleges that he suffered some loss, including mortgage payments and utilities costs, as a result of the cancelled sale caused by the lien. That is sufficient for his claim to survive Old Republic's presently pending motion to dismiss.  As to any claim for punitive damages, May's amended complaint expressly notes that he is no longer pursuing a separate claim for punitive damages.  Am. Compl. at 1.  Although May's amended complaint includes the language "punitive and exemplary damages according to statute," *id.* at 11, this phrase simply clarifies that May seeks whatever damages are allowed pursuant to O.C.G.A. 33-4-6.